IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| TRAVIS P. FAULKNER, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 7:04-CV-138-BH (R) |
| v. § | |
| § | |
| COMMISSIONER OF SOCIAL SECURITY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Pursuant to the District Court's *Order of Reassignment*, filed October 12, 2004, this case has been transferred to this Court.  Before the Court are *Defendant's Motion for Summary Judgment,* filed November 18, 2004, and *Plaintiff's Brief In Support of Request for Judicial Review,* filed December 2, 2004.  Having reviewed the evidence of the parties in connection with the pleadings, the Court finds that Defendant's motion should be **DENIED**, Plaintiff's cross-motion should be **GRANTED,** and decision of the Commissioner should be **REVERSED,** and the case **REMANDED** for further consideration.

## I.   BACKGROUND

*A.   Procedural History*

Travis P. Faulkner ("Plaintiff") seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying his claim for disability benefits. On June 3, 2001, Plaintiff filed an application for disability benefits under Title II and supplemental security income under Title XVI of the Social Security Act.  (Tr. at 53.)  Plaintiff claimed he was disabled due to attention deficit hyperactivity disorder (ADHD), asthma,

sacroiliitis, arthritis, silent seizures, and a learning disorder. (Tr. at 63, 86.) Plaintiff's application was denied initially and upon reconsideration. (Tr. at 24, 31.) Plaintiff timely requested a hearing before an Administrative Law Judge ("ALJ"). (Tr. at 34.) The hearing, at which Plaintiff personally appeared and testified, was held on February 4, 2004. (Tr. at 38, 421-451.) On March 11, 2004, the ALJ issued his decision finding that although Plaintiff's previous work was not substantial gainful activity, his work activity did show that he was capable of working. (Tr. at 14.) After reviewing the medical evidence and noting that Plaintiff had shown the ability to work for even short periods of time, the ALJ determined that Plaintiff was capable of light work. (Tr. at 18.) Accounting for the Plaintiff's ability to do light work and the testimony of a vocational expert, the ALJ concluded that Plaintiff could perform his past relevant work as a fast food cashier. (Tr. at 19.) The Appeals Council denied Plaintiff's request for review, concluding that the contentions raised by Plaintiff did not provide a basis for changing the ALJ's decision. (Tr. at 4.) Plaintiff then brought this timely appeal to the United States District Court pursuant to 42 U.S.C. § 405(g).

### B. *Factual History*

#### 1. Age, Education and Work Experience

Plaintiff was born on October 22, 1983. (Tr. at 53.) Plaintiff has a high school diploma, and he attempted college but dropped out due to poor grades. (Tr. at 186, 427.) His past relevant work experience, as determined by the ALJ, is limited to a cashier's job at a Taco Bell restaurant. (Tr. at 429.) Plaintiff also held brief positions as a dishwasher and janitor. (Tr. at 196.)

2. <u>Medical Evidence</u>[1]

In a mental health assessment conducted in 1999, David Sabine, Clinical Psychologist for Rose Street Mental Health Care, diagnosed Plaintiff with moderate to severe ADHD and a depressive disorder not otherwise specified.  (Tr. at 389-393.)  Dr. Sabine also determined that Plaintiff had borderline intellectual functioning and paranoid traits.  (Tr. at 389-393.)  On June 1, 2001, when Plaintiff was examined at Scottish Rite Hospital for Children, a CT scan of his pelvis showed bilateral sacroiliitis.  (Tr. at 206.)  Plaintiff had been previously diagnosed with asthma and arthritis.  (Tr. at 206.)  In November 2001, Richard E. Eckert, Ph.D., categorized Plaintiff as suffering from psychosocial stressors (occupation, social and educational problems) and determined that his condition was likely to remain stable. (Tr. at 235.)  Dr. Eckert and Dr. Donald John noted that, according to his mother, Plaintiff suffered from occasional staring spells which she classified as seizures.  (Tr. at 235, 269.)  From July 2001 to October 2002, Plaintiff had weekly sessions with Christopher T. Fletcher, a Licensed Professional Counselor, during which he addressed his anger, emotional immaturity and inappropriate sexual behavior.  (Tr. at 321-330, 363-388.)  From April 1998 to July 2001, Plaintiff also had 58 individual, family or group sessions with Ron Burks, Counselor, to address similar issues. (Tr. at 403.)

3. <u>Hearing Testimony</u>

At the hearing on February 4, 2004, the ALJ heard testimony from Plaintiff and a Vocational Expert ("VE").  (Tr. at 418-454.)

Plaintiff testified that he graduated from high school, where he had taken both special

---

[1] Only a brief medical history is provided here because Plaintiff's contentions center around the ALJ's decisions regarding his employment history, past relevant work, and ability to maintain employment, rather than his medical conditions.

education and regular classes.  (Tr. at 422.)  Plaintiff stated that he lived with his mother and older sister and did not have a driver's license.  (Tr. at 424.)  He testified that his doctor advised him not to drive because of his silent seizures.  (Tr. at 447.)

Plaintiff testified to his previous work activity.  Specifically, Plaintiff had worked at Rent-a-College as a janitor for approximately one month.  (Tr. at 427-28.)  He then worked as a cashier for a Taco Bell restaurant for approximately six months full-time and then two months part-time.  (Tr. at 429.)  Plaintiff claimed that while working at Taco Bell, he was unable to focus on individual tasks; although told to do one thing at a time, he would "[skip] around doing the different tasks."  *Id.*  He also testified that his cash drawers occasionally came up short because he couldn't count money properly.  (Tr. at 430.)  Plaintiff next worked as a janitor for Pittsburg Glass for approximately three weeks, but he testified that he was "let go" because he could not perform his assigned tasks quickly enough.  *Id.*  Plaintiff then worked as a dishwasher for a Chili's restaurant for two days, and he testified that he couldn't keep up with the dishes and quit. (Tr. at 431.)

Plaintiff testified that he generally slept two to three hours a night, unless he was particularly tired.  (Tr. at 443.)  He generally slept in the early evening until midnight, when he got up for the rest of the night.  *Id.*  Plaintiff claimed he occasionally took naps, but did not feel especially fatigued despite rarely sleeping at night.  (Tr. at 444.)  Plaintiff testified that he needed to be reminded daily to take a shower, and that while he could dress himself, he could not tie his shoes.  (Tr. at 436.)  He also testified that his daily routine included watching cartoons and playing games on the internet.  (Tr. at 438.)  Plaintiff claimed that he did not get along with anyone, had no friends, and preferred to be left alone.  (Tr. at 440.)  He denied use of drugs and

alcohol. *Id.* Plaintiff testified that he couldn't concentrate well and preferred skipping around, doing other things. (Tr. at 445.) He testified that he often got bored in the middle of television programs and that he didn't understand them. *Id.*

After reviewing Plaintiff's occupational history, the VE had difficulty classifying Plaintiff's past relevant work because his record listed no earnings. (Tr. at 449.) After considering the jobs Plaintiff listed and testified to, the VE classified Plaintiff's past relevant work as mainly unskilled. *Id.* The VE classified Plaintiff's work as a janitor and dishwasher as medium, unskilled positions with a Specific Vocational Preparation ("SVP") of 2, and his cashier position at Taco Bell as a light, unskilled position with a SVP of 2. *Id.* When asked to respond to a hypothetical question involving an individual of Plaintiff's age, education and work experience who could perform light work, occasionally lifting no more than twenty pounds and frequently lifting no more than ten pounds, walk or stand with normal breaks for six hours out of an eight-hour work day, sit with normal breaks for six hours out of an eight-hour work day, but who could only stoop occasionally and would experience a mild level of anxiety and fatigue that would affect his ability to work in a competitive environment, the VE opined that the individual could only perform Plaintiff's past relevant work as a fast food cashier. (Tr. at 451-52.) Plaintiff's representative did not cross-examine the VE. (Tr. at 452.)

*C.     ALJ's Findings*

The ALJ issued his decision denying benefits on March 11, 2004. (Tr. at 9.) In his findings, the ALJ concluded that Plaintiff had not engaged in substantial gainful activity since the onset of disability because Plaintiff's positions were of short duration and he did not earn enough wages. (Tr. at 14.) Additionally, the ALJ reviewed Plaintiff's medical records and

concluded that his impairments, though severe, did not meet or equal a listing. (Tr at 14, 17.) Proceeding to step four, the ALJ concluded that the Plaintiff had a residual functional capacity for light work with one to two step instructions. (Tr. at 18-19.) In reaching this conclusion, the ALJ analyzed medical records and Plaintiff's testimony regarding his daily activities. (Tr. at 18.) Taking into account the VE's testimony, the ALJ determined that Plaintiff's medically determinable impairments did not prevent him from performing his past relevant work as a fast food cashier. (Tr. at 19.) Accordingly, the ALJ found that Plaintiff was not entitled to receive disability benefits. (Tr. at 20.)

## II. ANALYSIS

### A. *Legal Standards*

#### 1. *Standard of Review*

Judicial review of the Commissioner's denial of benefits is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied proper legal standards in evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994); 42 U.S.C. § 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). In applying the substantial evidence standard, the reviewing court does not reweigh the evidence, retry the issues, or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or contrary medical findings to support the Commissioner's

decision. *Johnson v. Bowen*, 864 F.2d 340, 343-344 (5th Cir. 1988).

### 2. *Disability Determination*

To be entitled to social security benefits, a claimant must prove that he or she is disabled as defined by the Social Security Act. *Leggett*, 67 F.3d at 563–64; *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988). The definition of disability under the Social Security Act is "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Anthony v. Sullivan*, 954 F.2d 289, 292 (5th Cir. 1992).

The Commissioner utilizes a sequential five-step inquiry to determine whether a claimant is disabled:

1. An individual who is working and engaging in substantial gainful activity will not be found disabled regardless of medical findings.

2. An individual who does not have a "severe impairment" will not be found to be disabled.

3. An individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors.

4. If an individual is capable of performing the work he has done in the past, a finding of "not disabled" must be made.

5. If an individual's impairment precludes him from performing his past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if work can be performed.

*Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (summarizing 20 C.F.R. § 404.1520(b)-(f)). Under the first four steps of the inquiry, the burden lies with the claimant to prove disability. *Leggett*, 67 F.3d at 564. The inquiry terminates if the Commissioner determines at any point

during the first four steps that the claimant is disabled or is not disabled. *Id*. Once the claimant satisfies his or her burden under the first four steps, the burden shifts to the Commissioner at step five to show that there is other gainful employment available in the national economy that the claimant is capable of performing. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). This burden may be satisfied either by reference to the Medical-Vocational Guidelines of the regulations or by expert vocational testimony or other similar evidence. *Fraga v. Bowen*, 810 F.2d 1296, 1304 (5th Cir. 1987). A finding that a claimant is not disabled at any point in the five-step review is conclusive and terminates the analysis. *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

### B.  *Issues for Review*

Plaintiff alleges that substantial evidence does not support the Commissioner's finding that he was not disabled because:

(1) The ALJ inconsistently found that Plaintiff had not engaged in substantial gainful activity but could perform his past relevant work;

(2) The ALJ disregarded Plaintiff's inability to perform multiple duties of his past relevant work; and

(3) The ALJ erred in failing to make a finding on Plaintiff's ability to maintain employment.

### C.  *Issue One: ALJ's Determination of Plaintiff's Past Relevant Work*

Plaintiff argues that because the ALJ found his previous employment as a fast-food cashier was not substantial gainful activity, he ruled inconsistently when he classified his work as a fast-food cashier as past relevant work. (Pl.'s Br. at 5-6.) The Commissioner responds that the ALJ's determination of the fast food position as past relevant work was proper, and that substantial evidence exists to support the ALJ's conclusion. (Def.'s Br. at 3.)

Past relevant work is defined as work that (1) has been done within the past 15 years; (2) was substantial gainful activity; and (3) lasted long enough for the claimant to learn to do it. 20 C.F.R. § 404.1560(b)(1). For work activity to be substantial, it must "involve doing significant physical or mental activities." 20 C.F.R. § 416.972(a). Gainful work activity is further defined as work generally done for pay or profit. 20 C.F.R. § 416.972(b). However, work can be classified as both substantial and gainful even if no profit is realized. 20 C.F.R. § 404.1572(b). In determining if work activity is substantial, the Commissioner looks primarily to wages earned by the claimant. 20 C.F.R. § 416.974(a)(1). If wages are insufficient to show that Plaintiff is capable of substantial gainful activity, the Commissioner will develop the duties of the claimant's work, including how well tasks were performed, whether the work was meaningful to the employer, whether or not the claimant required special conditions to perform them, whether the claimant is self-employed, and the time it took to perform the required tasks as compared with other workers not affected by a disability. 20 C.F.R. § 416.973(a-e). These factors may show that Plaintiff is capable of substantial gainful activity despite earning insufficient wages. *Id.*

The Fifth Circuit has not explicitly addressed the issue of whether work classified as "past relevant work" must be "substantial gainful activity." In support of his argument that his positions cannot be considered past relevant work, Plaintiff relies upon *Buckner v. Apfel,* 213 F.3d 1006 (8th Cir. 2000), and *Melville v. Apfel,* 198 F.3d 45 (2nd Cir. 1999).

The primary issue in *Buckner* was whether the district court had appropriately exercised its authority to grant remand pursuant to sentence six of 42 U.S.C.A. § 405(g) rather than under sentence four, as requested by the parties for, in part, further evaluation of the plaintiff's ability

to perform past relevant work. 213 F.3d at 1009. The Eighth Circuit found that the district court had erred in remanding under sentence six, but that the remand order met the substantive requirements of sentence four because it ordered the Commissioner to give further consideration to the plaintiff's ability to perform past relevant work. *Id.* at 1010-11. Of particular relevance to this case is the appellate court's finding that the plaintiff's past employment as a maid and janitor could not be considered past relevant work because it "may have produced insufficient income to be considered substantial gainful activity without further development of the record regarding these jobs." *Id.* (citing 20 C.F.R. § 416.974(b)(3)(ii)). Thus, the record did not support the ALJ's finding that the plaintiff could perform past relevant work, and remand was necessary for additional evaluation of the existing evidence and further development of the record regarding her past relevant work. *Id.* at 1013.

The issue of how past relevant work must be substantial gainful activity was more thoroughly developed in *Melville*. 198 F.3d at 53-54. At her hearing, the plaintiff testified to her previous jobs, one of which included "working for Welfare." *Id.* at 46-47. Because he failed to fully develop the particulars of this past work, the ALJ erroneously concluded that Plaintiff worked as a "clerk" for the Department of Social Services instead of her actual "workfare" position, i.e., minimal office work the plaintiff was required to perform in order to continue receiving welfare benefits. *Id.* at 49-50. The ALJ determined that the plaintiff could return to her past relevant work as a clerk and issued a finding of not disabled at step four. *Id.* Plaintiff filed for judicial review claiming that her workfare position was not "substantial gainful activity" because she was not paid wages, and the district court dismissed the complaint on the ground that workfare constitutes substantial gainful activity. *Id.* at 49. On appeal, the Second Circuit

Court of Appeals rejected the plaintiff's first contention that workfare could never be considered substantial gainful work; however, it did find that the ALJ had failed to develop the alternative factors listed in 20 C.F.R. § 416.973(a-e), which were necessary because the plaintiff's wages at her workfare position would have been insufficient to show her capable of substantial gainful activity.  *Id.* at 50-54.  Therefore, it found, the ALJ's conclusion that Plaintiff's workfare position was past relevant work was not supported by substantial evidence.  *Id.* at 54.

Although the cases upon which Plaintiff relies are factually different than his own, the principles articulated in *Buckner* and *Melville,* combined with the Court's reading of the Social Security Regulations, support his position.  In both *Buckner* and *Melville,* the plaintiffs' past work could not be considered "past relevant work" because the issue of whether or not it was substantial gainful activity was not fully developed according to the regulations.  *Buckner,* 213 F.3d at 1013; *Melville,* 198 F.3d at 49-50.  In the instant case, because Plaintiff's entire work history occurred after the alleged onset of disability, the ALJ was required to determine whether or not Plaintiff's work had been substantial gainful activity.  *See Wren,* 925 F.2d at 125 (citing 20 C.F.R. §§ 404.1520(b)) (an individual engaged in substantial gainful activity after the onset of disability is not eligible for disability benefits).  In fact, the ALJ explicitly found that Plaintiff's past work, including work as a fast-food cashier, was *not* substantial gainful activity because Plaintiff's positions were of short duration and he did not earn enough wages.  (Tr. at 14.) Because past relevant work must include substantial gainful activity, and the ALJ specifically found that Plaintiff's work as a fast-food cashier was not substantial gainful activity, the finding that Plaintiff could return to his past relevant work as a fast-food cashier is inconsistent with the regulations and the ALJ's determination at step four was in error.  *See* 20 C.F.R. §

404.1560(b)(1).

The Commissioner does not directly address the inconsistency in the ALJ's ruling, instead focusing solely on the ALJ's findings at step four that Plaintiff retained the residual functional capacity for light work, and that the VE's testimony classified work as a fast-food cashier as light work. (Def.'s Br. at 3.) The Commissioner contends that because Plaintiff could have learned the specifics of his job in the eight months he was employed as a Taco Bell cashier, it was proper to classify it as his past relevant work. (Def.'s Br. at 4.) The Commissioner notes that the Dictionary of Occupational Titles ("DOT") classifies the job of a fast-food worker as light work with an SVP of two, typically defined as unskilled, and that the amount of time required to learn a job with an SVP of two is "anything beyond demonstration and including 1 month." *Id.*

The requirement that a job have lasted long enough to be properly learned is only one of three elements of past relevant work. *See* 20 C.F.R. § 404.1560(b)(1); *Stewart v. Barnhart,* 2004 WL 736819 at *23 (N.D. Iowa Apr. 6, 2004) (despite the ALJ's conclusion that Plaintiff had held her job as a housekeeper long enough to learn the job and corroborating evidence from Plaintiff's employer supporting that decision, it was "fundamentally inconsistent" for the ALJ to find that Plaintiff's work as a housekeeper was not substantial gainful activity but, nevertheless, was past relevant work). In the instant case, when the ALJ had already determined that Plaintiff's job as a fast-food cashier was not substantial gainful activity, it was "fundamentally inconsistent" to issue a step four ruling that Plaintiff could perform his past relevant work as a fast-food cashier. *Id.*

The question now before the Court is whether the Plaintiff has been prejudiced by the

-12-

ALJ's error finding he could perform his past relevant work. An error does not require remand unless the Plaintiff was prejudiced by it. *Morris v. Bowen,* 864 F.2d 333, 335 (5th Cir. 1988). Remand is appropriate only if procedural improprieties cast into doubt the existence of substantial evidence to support the ALJ's decision. *Id.*

In *Buckner*, the Eighth Circuit granted both the Commissioner and Plaintiff's remand requests for further fact-finding as to Plaintiff's past relevant work. 213 F.3d at 1013. In *Melville,* the Second Circuit did not issue specific instructions on remand, instead noting that they could "not uphold the Commissioner's decision on a basis that the record indicates did not receive proper administrative consideration." 198 F.3d at 54. In the instant case, in light of the Court's finding that the Plaintiff's job as a fast-food cashier should not have been considered his past relevant work because it was not substantial gainful activity, the Court cannot affirm the Commissioner's decision at step four. *See Id.*

At step four, if Plaintiff had shown that he could not perform his past relevant work or that he had no past relevant work, the burden would have shifted to the Commissioner to show that the Plaintiff could perform any job in the national economy despite his disability. *See Wren* 925 F.2d at 125; *Buckner,* 213 F.3d at 1013. As Plaintiff's work as a fast-food cashier should not have been considered his past relevant work because it was not substantial gainful activity, he would have met his burden and the ALJ would have proceeded to step five. *See Ochoa v. Barnhart*, 2006 WL 509096 at *5 (W.D. Tex. Feb. 22, 2006) (when he found Plaintiff to have no relevant work experience at step four, ALJ proceeded to step five).

In his decision, because the ALJ made his finding of no disability at step four, he was not required to proceed to step five. *See Washington v. Barnhart,* 413 F.Supp.2d 784, 792

(5th Cir. 2006). Since there are no step five determinations to review, the record is underdeveloped as to other work the Plaintiff could perform outside of the fast-food cashier position, and remand is necessary for a step five determination. *See Gossett v. Barnhart,* 374 F.Supp.2d 505, 511 (5th Cir. 2005) (ALJ's erroneous final determination at step four required remand for further fact-finding at step five); *Williams v. Apfel,* 204 F.3d 48, 49 (2nd Cir. 1999) (when the ALJ's step four determination was deemed erroneous, remand for a step five analysis was appropriate remedy); *contrast Menchaca v. Barnhart*, 179 Fed.Appx. 215, 217 (5th Cir. 2006) (Plaintiff's alleged error at step four was irrelevant when the error was corrected at step five and the step five determination was supported by substantial evidence); *Donaher v. Barnhart*, 2006 WL 2827651 at *5-6 (D. Me. Sept. 29, 2006) (the ALJ's finding at step four, though erroneous, was not grounds for remand when his additional finding at step five was supported by substantial evidence and Plaintiff failed to show adequate prejudice); *Laffley v. Barnhart,* 2005 WL 1923515 at *3 (D. Me. Aug. 9, 2005) (Commissioner's decision affirmed when, despite ALJ's error at step four in classifying Plaintiff's previous work as past relevant work, step five analysis was supported with substantial evidence). Accordingly, the Plaintiff's case must be remanded to the Commissioner for further proceedings.

**D.      *Issue Two: Development of Plaintiff's Ability to Perform Past Relevant Work***

Plaintiff argues that the ALJ disregarded Plaintiff's abilities to perform all duties of his past relevant work. (Pl.'s Br at 8.) Plaintiff alleged on his vocational report that while working at Taco Bell, he was not only a cashier but performed tasks as a dishwasher and janitor. (Tr. at 174.) The Commissioner maintains that substantial evidence supports the ALJ's determination at step four that Plaintiff was able to perform his past relevant work. (Def.'s Br at 4.)

When adjudicators determine that claimants can perform past relevant work, their decision must contain certain specific findings: 1) a finding of fact as to the individual's residual functional capacity, 2) a finding of fact as to the physical and mental demands of the past job or occupation and 3) a finding of fact that the individual's residual functional capacity would permit a return to his or her past job or occupation. *Gossett v. Barnhart,* 374 F.Supp.2d 505, 511 (5th Cir. 2005) (citing SSR 82-62). Plaintiff is therefore correct that the regulations required the ALJ to explore the duties of Plaintiff's past relevant work in order to determine that his residual functional capacity allowed him to return to it. *Latham v. Shalala,* 36 F.3d 482, 484 (5th Cir. 1988) (citing 20 C.F.R. § 404.1520(e)). However, for the reasons discussed above, Plaintiff's work as a fast-food cashier should not have been considered his past relevant work, because the ALJ found that it was not substantial gainful activity. Since the Court has already found that remand is necessary, it will briefly address the Commissioner's arguments regarding the vocational expert's testimony.

The Commissioner argues that the VE's testimony was sufficient to support the ALJ's determination that Plaintiff could perform his past relevant work as a fast-food cashier in the national economy. (Def.'s Br. at 5-6.) The Commissioner contends that, although the ALJ failed to develop the particular duties of Plaintiff's job as a fast-food cashier, including duties that may have been beyond the Plaintiff's ability to perform light work, the VE's testimony that he could perform that job in the national economy supports a finding of not disabled at step four. (Def.'s Br. at 6.)

Past relevant work may constitute past jobs as performed in the national economy rather than claimant's past job specifically. *Leggett v. Chater,* 67 F.3d. at 564-565. Here, again, the

-15-

Commissioner does not address the ALJ's legal error in classifying Plaintiff's job as a fast-food cashier as past relevant work when it was not substantial gainful activity, but instead asks the Court to affirm the ALJ's determination at step four citing the VE's testimony as substantial evidence that Plaintiff can perform the job of a fast-food cashier in the national economy. (Def.'s Br. at 5-6.) The Court has already addressed why Plaintiff's job as a fast-food cashier could not be considered his past relevant work and why substantial evidence does not support the ALJ's finding at step four. Even though the VE's testimony classified the fast-food cashier's position as light work and the ALJ determined that the Plaintiff was capable of light work, if the Court affirmed based on the VE's testimony despite the ALJ's error of law, it would essentially be issuing a step five finding: that Plaintiff is capable of performing the work of a fast-food cashier as it is generally performed in the national economy. *See Wren,* 925 F.2d at 125. The Court cannot affirm an administrative decision on grounds other than those determined by agency. *See Chenery,* 332 U.S. at 196. Nor can this Court "substitut[e] its own judgment for the Commissioner's." *Neal v. Bowen*, 829 F.2d 528, 530 (5th Cir.1987). Even though the VE's testimony might be substantial evidence supporting the Plaintiff's ability to perform the work of a fast-food cashier in the national economy, because it was used in the ALJ's erroneous step four finding regarding past relevant work, it cannot be substantial evidence supporting a step four determination.

### E.   *Issue Three: Plaintiff's Ability to Maintain Employment*

Plaintiff also contends that the ALJ erred in failing to consider whether he could maintain employment. (Pl.'s Br. at 9.) The Commissioner argues that the Plaintiff did not present sufficient evidence to warrant a separate finding on his ability to maintain employment. (Def.'s

Br. at 7.)

"A finding that a claimant is able to engage in substantial gainful activity requires more than a simple determination that the claimant can find employment and that he can physically perform certain jobs; it also requires a determination that the claimant can hold whatever job he finds for a significant period of time." *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1989). "A determination that a claimant is unable to continue working for significant periods of time must, however, be supported by more than a claimant's personal history; it must also be supported by medical evidence." *Id.* Ordinarily, whether a plaintiff can maintain employment for a significant period of time will be included in the analysis of his ability to obtain employment. *Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir. 2003).

Plaintiff cites both *Singletary* and *Leidler v. Sullivan* in support of his claim that the ALJ should have made a separate finding determining his ability to maintain employment. (Pl.'s Br. at 9 (citing *Singletary,* 798 F.2d at 822; *Leidler,* 885 F.2d 291, 293 (5th Cir. 1989)). In each of these cases, the claimants had a long history of short-term employment, and several medical opinions had declared them unlikely to maintain employment. *See Singletary,* 798 F.2d at 822; *Leidler,* 885 F.2d at 293-94. Unlike these cases, however, the instant Plaintiff had only been in the workforce for two years at the time of the hearing, and had attempted a total of five jobs, one of which he claimed lasted for eight months. (Tr. at 427-429.) A Vocational Assessment Report taken in September 2001 declared him able to work. (Tr at 109.) Plaintiff's doctors concluded that his mental condition was likely to remain stable. (Tr. at 235.) After thoroughly reviewing the record, the Court notes that, although at times evaluators recommended job assistance training, no doctor or vocational tester ever found that Plaintiff was likely to be incapable of

holding a job. His school counselors and officials never made any statement that Plaintiff was not employable; in fact, their counseling sometimes involved exploring what jobs Plaintiff might enjoy or reasonably expect to procure. (Tr. at 159-162.)

Furthermore, the record reflects that the ALJ noted these factors when determining Plaintiff's residual functional capacity, a calculation which includes the Plaintiff's ability to work "on a regular and continuing basis." *See* 20 C.F.R § 416.945(b-c); *White v. Barnhart,* 454 F.Supp.2d 609, 612 (5th Cir. 2006). "Absent evidence that a claimant's ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of [residual functional capacity]," a separate finding regarding Plaintiff's ability to maintain employment was not required. *Dunbar v. Barnhart*, 330 F.3d 670, 672 (5th Cir. 2003). The ALJ in the instant case explicitly cited to 20 C.F.R. § 404.1545, the regulation defining residual functional capacity. (Tr. at 17.) In reviewing Plaintiff's job history, the ALJ noted that Plaintiff had left his jobs for reasons other than his disability. He noted that Plaintiff quit his position as a janitor because he did not enjoy the work, and that he quit his Taco Bell position. (Tr. at 14.) Taking into account Dr. Eckert's psychological report, the ALJ noted the doctor's conclusion that while Plaintiff may have difficulties concentrating when he was not on medication, his persistence in completing the assigned tasks appeared to be good. (Tr. at 15.) After detailing Plaintiff's mental impairments, the ALJ found that Plaintiff was capable of light work and further declared that he could perform work with one to two step instructions. (Tr. at 15-16, 18-19.) The ALJ's discussion of Plaintiff's work history, other medical evidence, and residual functional capacity suggests that the ALJ

adequately considered Plaintiff's ability to maintain employment as part of his residual functional capacity, and no separate finding was necessary. *Dunbar*, 330 F.3d at 672. Accordingly, the ALJ did not err.

### III.   CONCLUSION

The ALJ erred at step four by inconsistently categorizing Plaintiff's previous employment as "past relevant work" when he also determined that it was not substantial gainful activity. However, the ALJ did consider the Plaintiff's ability to maintain employment when determining his residual functional capacity, and no separate finding was necessary. The errors of the ALJ, therefore, were confined to his step four analysis regarding past relevant work. Because the ALJ's analysis terminated at step four, the final decision of the Commissioner is **REVERSED** and **REMANDED** for a step five analysis to determine if Plaintiff can perform jobs which exist in substantial numbers in the national economy. Accordingly, Defendant's motion for summary judgment is be **DENIED**, and Plaintiff's cross-motion is **GRANTED**.

**SO ORDERED** on this 27th day of April, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE